# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent,<br><br>　　v.<br><br>DONALD BARTON DESHOTELS, JR,<br><br>　　　　　Defendant-Petitioner. | Civil Case No. 14cv0754-BTM<br>Crim. Case No. 09cr00262-BTM<br><br>**ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY** |

　　Donald Barton Deshotels. Jr., ("Defendant"), an inmate of the United States Penitentiary in Lompoc, California, proceeding *pro se*, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Defendant's § 2255 motion and a Certificate of Appealability are **DENIED**.

## I. BACKGROUND

　　On April 23, 2009, Defendant was indicted on five counts of bank robbery in violation of 8 U.S.C. § 2113(a). (Dkt. No. 17.) On July 21, 2010, Defendant pled guilty pursuant to a Plea Agreement. (Dkt. No. 45.) On November 19, 2010, the Court sentenced Defendant to a 100-month term of imprisonment. (Dkt. No. 52.) On March 14, 2014, Defendant filed this § 2255 motion. (Dkt. No. 65.)

## II.  DISCUSSION

Under § 2255, a prisoner may move to vacate, set aside, or correct his sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

Defendant argues that his sentence should be reduced because the Court's finding, without a jury trial, that a +3 point upward enhancement for "use" of a dangerous weapon was warranted under the United States Sentencing Guidelines ("USSG") § 2B3.1(b)(2), violates the Supreme Court's ruling in Alleyne v. United States, 133 S.Ct. 2151 (2013).  The motion is DENIED because Defendant waived his right to collaterally attack the sentence and Alleyne does not apply in this case.

The Plea Agreement states:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this agreement at the time of sentencing.  If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(Dkt. No. 45, at 15.)  Accordingly, Defendant waived his right to collaterally attack his sentence unless he can show that the Court imposed a greater sentence than the high end of the Sentencing Guideline range recommended by the Government.

"A defendant's waiver of his appellate rights is enforceable if: (1) the language of the waiver encompasses his right to appeal on the grounds

1 | raised, and (2) the waiver is knowingly and voluntarily made." United States
2 | v. Rahman, 642 F.3d 1257, 1259 (9th Cir. 2011) (citing United States v.
3 | Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005)).  The Ninth Circuit has also
4 | recognized that a waiver barring collateral attack of a conviction or sentence
5 | is enforceable when knowingly and voluntarily made.  See United States v.
6 | Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).
7 |         The range initially recommended by the Government in its Sentencing
8 | Summary Chart and Motion under USSG § 3E1.1(b), was 84 to 105 months,
9 | which was based on a criminal history category IV and adjusted offense
10 | level of 25. (Dkt. No. 49, at 1.)  Pursuant to the Plea Agreement, during
11 | sentencing the Government recommended an increased sentencing range
12 | of 92 to 115 months, with a sentence not exceeding 100 months, based on a
13 | criminal history category IV and an adjusted offense level of 26.  (Dkt. No.
14 | 63-1, at 51-52, 62-63; Dkt. No. 45, at 12.)  The Court imposed a 100-month
15 | term of custody, which did not exceed the Government's sentence
16 | recommendation or the high end of the Sentencing Guideline range
17 | recommended by the Government.  (Dkt. No. 58, at 2.)  Furthermore, the
18 | language of the waiver in the Plea Agreement is broad and encompasses
19 | Defendant's claim in his section 2255 motion.
20 |         Second, Defendant does not contend that his waiver was not
21 | knowingly and voluntarily made.  Defendant entered into that agreement
22 | with his counsel's assistance, the sufficiency of which remains
23 | unchallenged. (See Dkt. No. 45, at 17.)  Indeed, at the conclusion of the
24 | sentencing hearing, Defendant admitted that he waived his right to appeal
25 | and attack the sentence and conviction.  (Dkt. No. 63-1, at 83.)  Having
26 | determined that Rahman's two-step test is satisfied, the Court finds that
27 | Defendant's waiver of collateral attack is enforceable.
28 |         Defendant's argument that the Government violated the Plea

Agreement by recommending an upward adjustment of 3 points for "use" and not mere "possession" of a dangerous weapon is unsupported by the record.  Defendant admits that after several drafts, he reviewed and agreed to the language appearing in the Sentencing Guideline Calculation section of the Plea Agreement (See Dkt. No. 65, at 6-7.), which omits any upward departure for "use" of a dangerous weapon, but allows for a +2 enhancement for "Threat of Death [§ 2B3.1(b)(2)]," with an additional qualifier, stating: "* The parties agree that the Government may argue for a +3 enhancement for *possession* of a dangerous weapon under § 2B3.1(b)(2) instead of the +2 enhancement for threat of death." (Dkt. No. 45, at 11.) (emphasis added).  Though Defendant expressed dissatisfaction with the +2 enhancement for "Threat of Death" to his counsel, he nevertheless agreed to it, and signed the Plea Agreement reflecting this language.  (See Dkt. No. 65, at 7.)

     During sentencing, Defendant objected to the Government's attempt to prove that he possessed a dangerous weapon during the robberies in justification of a +3 upward adjustment, because he believed that this allowed the Government to circumvent the Plea Agreement (Dkt. No. 63-1, at 65-66, 67-68, 69.)  Defendant believed that by arguing that he possessed a dangerous weapon when he threatened death to the bank tellers, the Government tried to indirectly prove that Defendant *used* a dangerous weapon, a fact he refused to admit in the Plea Agreement (Dkt. No. 65, at 7-9.) The Court heard Defendant's argument but disagreed based on the language in the Plea Agreement, which permitted the Government to seek the +3 enhancement.  (Dkt. No. 63-1, 67-68.)  The Court continues to find that the Government did not breach the Plea Agreement.

     Now, relying on Alleyne, Defendant asserts that use of a dangerous weapon is a separate element of the crime that was not admitted, and had

to have been found by a jury. Defendant posits that proof that he possessed an object admitted to be a BB gun or air soft gun, which is not a firearm, during the robberies, was insufficient to prove that it was "used" and that it was a "dangerous weapon." (Dkt. No. 63 at 4; No. 63-1, at 23; No. 65, at 8.) Thereupon, Defendant asserts that the Court erred in finding that upon a preponderance of the evidence, he possessed a dangerous weapon, and consequently misapplied the Sentencing Guidelines in calculating Defendant's sentence range to be 92 to 115 months. (Dkt. No. 65, at 8; No. 63-1, at 25, 51, 68.)

In Alleyne, an armed robbery case, the Supreme Court held that any fact that increases a mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," and must be submitted to the jury. 133 S. Ct. at 2155, overruling Harris v. United States, 536 U.S. 545 (2002). The Court found that because it would increase the mandatory minimum term for a firearms offense, a finding as to whether a defendant had brandished, as opposed to merely carried, a firearm in connection with a violent crime, was an element of a separate aggravated offense that had to have been found by a jury. Id. at 2162.

Alleyne does not apply to Sentencing Guideline factors that increase the Guideline range and not the statutory minimum or maximum sentence. See United States v. Lizarraga-Carrizales, 757 F.3d 995, 999 (9th Cir. 2014) cert. denied, 135 S. Ct. 1191 (2015) (finding a district court's denial of safety valve relief did not increase the statutory maximum or minimum so as to trigger Alleyne). Furthermore, the Government correctly points out that Hughes v. United States, 770 F.3d 814, 817 (9th Cir. 2014), unequivocally held that Alleyne is not retroactive to cases on collateral review. Therefore, because Defendant's sentence was pronounced over two years before Alleyne was decided in June of 2013, Defendant cannot rely on that decision

in arguing that the Court erred in making a judicial finding that affected the calculation of his sentencing range.  Moreover, were Defendant able to rely on Alleyne, he would have the burden of proving that the error, if any, was not harmless and that a rational jury would have found otherwise.  See United States v. Carr, 761 F.3d 1068, 1081-82 (2014); United Sates v. Tucker, 2015 WL 1843060, at *2 (9th Cir. Apr. 23, 2015).  Based on the undisputed record cited during sentencing, Defendant cannot overcome the harmless error test.  (Dkt. No. 63-1, at 22-23, 25.)

### III.  CONCLUSION

For the reasons above, the Court **DENIES** Defendant's motion under 28 U.S.C. § 2255 and **DENIES** a Certificate of Appealability.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  May 19, 2015

*/s/ Barry Ted Moskowitz*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court